UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MATTHEW LUSK, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LIFE TIME FITNESS, INC., BAHRAM AKRADI, GILES H. BATEMAN, JACK W. EUGSTER, GUY C. JACKSON, JOHN K. LLOYD, MARTHA A. MORFITT, JOHN B. RICHARDS, and JOSEPH S. VASSALLUZZO,<br><br>Defendants. | Civil No. 15-1911 (JRT/JJK)<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO LIFT DISCOVERY STAY AND FOR EXPEDITED DISCOVERY** |

Kai H. Richter and Carl F. Engstrom, **NICHOLS KASTER, PLLP**, 4600 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; Jason M. Leviton and Mark A. Delaney, **BLOCK & LEVITON LLP**, 155 Federal Street, Suite 400, Boston, MA 02110; James M. Ficaro, **THE WEISER LAW FIRM, P.C.**, 22 Cassatt Avenue, First Floor, Berwyn, PA 19312, for plaintiff.

Wendy J. Wildung, Matthew B. Kilby, and Justin P. Krypel, **FAEGRE BAKER DANIELS LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, for defendants Life Time Fitness, Inc., Giles H. Bateman, Jack W. Eugster, Guy C. Jackson, John K. Lloyd, Martha A. Morfitt, John B. Richards, and Joseph S. Vassalluzzo.

Peter W. Carter and James K. Nichols, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for defendant Bahram Akradi.

Plaintiff Matthew Lusk ("Lusk") – a shareholder of defendant Life Time Fitness, Inc. ("Life Time") – filed this action on April 10, 2015 against Life Time and its Board of

Directors,[1] challenging the proposed sale of Life Time to a consortium of investors led by Leonard Green & Partners, L.P. (the "LGP Group").  Specifically, Lusk alleges that the sale price of $72.10 per share is unfair and that the proxy materials regarding the upcoming June 4, 2015 shareholder vote to approve the sale are materially misleading, in violation of federal securities laws.  Lusk argues that Life Time has failed to disclose material facts about the economic interests of Life Time Chief Executive Officer ("CEO") Bahram Akradi ("Akradi") in the proposed sale, including details about the Rollover Agreement Akradi signed that would allow him to roll over his shares in Life Time into the surviving corporate entity.  Moreover, Lusk claims that Life Time failed to disclose adequately the value of its real estate holdings.  Lusk seeks to stop the sale and, in a pending preliminary injunction motion, asks the Court to enjoin the June 4, 2015 shareholder meeting and vote.

In this motion, Lusk asks the Court to lift the discovery stay imposed by the Private Securities Litigation Reform Act ("PSLRA") and order expedited, limited discovery that would take place prior to the Court's hearing on Lusk's preliminary injunction motion.  Specifically, Lusk seeks to depose Akradi regarding his interest in the proposed sale and seeks the production of the following documents:

> (i) the Rollover Agreement between [Akradi] and [the LGP Group], which sets forth the terms of Akradi's investment in the corporate entity that survives the Proposed Transaction (the "Surviving Corporation"), including drafts thereof; (ii) the CEO Term Sheet which defines the terms of Akradi's post-merger employment with the Surviving Corporation, including drafts

---

[1] The Court will refer to Life Time, and the following independent director defendants, as the "Life Time Defendants": Bateman, Eugster, Jackson, Lloyd, Morfitt, Richards, and Vassalluzzo.

 thereof; and (iii) any appraisals or attempts to determine the value of Life Time Fitness, Inc.'s real estate holding within the last five years.

(Pl.'s Mot. to Lift Disc. Stay & for Expedited Disc. at 2, May 8, 2015, Docket No. 29.) Because Lusk has not shown that he will face undue prejudice absent discovery, the Court will deny Lusk's motion to lift the discovery stay and for expedited discovery.

## DISCUSSION

In cases like this one alleging violations of the federal securities laws, the PSLRA states that "all discovery . . . shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). The parties agree that the stay applies here, even though no motion to dismiss has been filed, because the Life Time Defendants intend to file a motion to dismiss.[2] *Sedona Corp. v. Ladenburg Thalmann*, No. 03-3120, 2005 WL 2647945, at *2 n.1 (S.D.N.Y. Oct. 14, 2005) ("There is no dispute that the PSLRA stay of discovery applies when an initial motion to dismiss is contemplated, but has not yet been filed.").

Because Lusk is not alleging that lifting the discovery stay is necessary to preserve evidence, the key issue is whether allowing discovery is necessary "to prevent undue prejudice to" Lusk. 15 U.S.C. § 78u-4(b)(3)(B). Courts interpreting the PSLRA have held that "undue prejudice" means "improper or unfair treatment amounting to something less than irreparable harm." *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*,

---

[2] (*See* Pl.'s Mem. of Law in Supp. of Mot. to Lift Disc. Stay & for Expedited Disc. ("Pl.'s Mem.") at 3-4, May 8, 2015, Docket No. 31; Life Time Defendants' Mem. of Law in Opp'n to Pl.'s Mot. ("Defs.' Mem.") at 9 n.5, May 13, 2015, Docket No. 35.)

No. 09 MDL 2058, 2009 WL 4796169, at *2 (S.D.N.Y. Nov. 16, 2009) (*In re Bank of Am. Litig.*) (internal quotation marks omitted). Courts have concluded that undue prejudice exists "where plaintiffs would be unable to make informed decisions about their litigation strategy in a rapidly shifting landscape because they are the only major interested party without documents forming the core of their proceedings." *Id.*; *see also In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) (stating that courts have found undue prejudice "when defendants would be unfairly shielded from liability through pursuit of their pending action or when plaintiffs would be placed at an unfair advantage to make informed decisions about litigation and settlement strategy"); *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 39 (D.D.C. 2005).

Courts have focused in particular on whether failing to lift the stay will leave the plaintiff without redress, or will leave the plaintiff unable to litigate effectively – especially when a large number of interested parties are involved. In *In re WorldCom, Inc. Securities Litigation*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002), for example, the court granted a motion to lift the discovery stay based on the unique circumstances of the case. "Investigations and proceedings" regarding WorldCom were moving quickly; other parties – including the U.S. Attorney, the Securities and Exchange Commission ("SEC"), and another group of plaintiffs – had or would soon have access to the requested documents; and failing to lift the stay would leave the plaintiff retirement fund facing "the very real risk that it will be left to pursue its action against defendants who no longer have anything or at least as much to offer." *Id.*; *see also Global Intellicom, Inc. v. Thompson Kernaghan & Co.*, No. 99-342, 1999 WL 223158, at *2 (S.D.N.Y. Apr. 16,

1999) (lifting the discovery stay in a case in which the defendants' actions in other forums raised the possibility that the plaintiff would be unable to seek redress in court, absent lifting the discovery stay prior to the court's resolution of a motion to dismiss). The court applied similar reasoning in *In re Bank of America Litigation*, concluding that undue prejudice existed because, if the discovery stay was not lifted, the plaintiff would fall behind the SEC and other government actors, all of whom were quickly obtaining the relevant documents in related, ongoing proceedings. 2009 WL 4796169, at *3.

Here, Lusk has not shown that he will face undue prejudice if the Court does not lift the discovery stay. First, Lusk has not shown that he will be unable to seek redress absent immediate discovery; indeed, he has still filed and is proceeding with a motion for preliminary injunction and his complaint asks for relief whether or not the Court's decision precedes the shareholder vote. (*See* Compl. at 44, Apr. 10, 2015, Docket No. 1.) Moreover, despite Lusk's arguments to the contrary, the Life Time Defendants are correct that the dissenting shareholder appraisal process in Minnesota Statutes §§ 302A.471 and .473 does provide another remedy for a shareholder alleging that the share price offered in a proposed transaction is unfair. *See Botton v. Ness Techs. Inc.*, No. 11-3950, 2011 WL 3438705, at *3 (D.N.J. Aug. 4, 2011) (magistrate judge letter rejecting motion for expedited discovery because, even if transaction is approved by shareholders, legal remedies still exist for the plaintiff); *Leone v. King Pharm., Inc.*, No. 10-230, 2010 WL 4736271, at *3 (E.D. Tenn. 2010). It is true that this case is different than cases like *Botton*, because Lusk brings this case on behalf of a class, and different policy implications are at stake in a class action. But even if non-dissenting

shareholder class members cannot exercise state appraisal rights, Lusk still asserts a claim for damages and rescissory relief under federal securities laws, if the sale is finalized. (Compl. at 44). In other words, Lusk has not shown that no adequate remedy exists absent the lifting of the stay. *Dipple v. Odell*, 870 F. Supp. 2d 386, 393 n.7 (E.D. Pa. 2012).

Additionally, this case does not involve the situation in many of the cases cited above: one plaintiff or group of plaintiffs falling behind a bevy of other plaintiffs and interested parties because he alone lacks information or documents. *See In re Bank of Am. Litig.*, 2009 WL 4796169, at *3. Lusk has not shown that other parties, like government regulators, are moving quickly to gather information on Life Time's proposed transaction, leaving himself and his class falling behind and unable to compete in rapidly changing litigation.

In some cases, courts have held that a lack of information prior to a looming shareholder vote amounts to undue prejudice such that lifting the PSLRA's stay of discovery is warranted. *See, e.g.*, *Malon v. Franklin Fin. Corp.*, No. 14-671, 2014 WL 5795730, at *2-*3 (E.D. Va. Nov. 6, 2014) ("Given the imminent shareholder vote on the Proposed Transaction and Plaintiff's anticipated motion for a preliminary injunction, the Court finds that Plaintiff will suffer not only undue prejudice, but irreparable harm if the PSLRA stay is not lifted."); *Nichting v. DPL Inc.*, No. 11-141, 2011 WL 2892945, at *3-*4 (S.D. Ohio July 15, 2011); *Ryan v. Walton*, No. 10-145, 2010 WL 3785660, at *2 (D.D.C. Mar. 9, 2010).

But other courts have held the opposite, based on the language of and the policies underlying the PSLRA.  *See, e.g.*, *Dipple*, 870 F. Supp. 2d at 393-94 & n.7 (noting that the *Ryan v. Walton* court had based its decision on a pre-PSLRA case, *Woodward & Lothrop, Inc. v. Schnabel*, 593 F. Supp. 1385 (D.D.C. 1984)).  Moreover, cases like *Malon*, *Nichting*, and *Ryan* have not fully addressed and analyzed the broader undue prejudice standard articulated in cases like *In re Bank of America Litigation* and have not discussed whether monetary damages or an appraisal process provide an adequate remedy (or the cases have assumed these alternatives do not provide an adequate remedy, with limited explanation).  *See Malon*, 2014 WL 5795730, at *2-*3; *Nichting*, 2011 WL 2892945, at *3-*4.  Finally – without delving into the merits of Lusk's allegations at this point – these cases involve broader allegations of fraud or misconduct ahead of a shareholder vote than in this case.  *See, e.g.*, *Nichting*, 2011 WL 2892945, at *3-*4 & n.16 (alleging that the shareholder vote would be uninformed because the proxy statement did not include critical, fundamentally important information: namely information about the company's cash flow projections).

In sum, Lusk has not shown that he will suffer undue prejudice if the discovery stay is not lifted.  Consequently, the Court need not consider whether his discovery requests are sufficiently particularized, or whether to grant his request for expedited discovery.  At this point, the Court will deny Lusk's motion to lift the discovery stay and for expedited discovery.

- 8 -

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Matthew Lusk's Motion to Lift Discovery Stay and for Expedited Discovery [Docket No. 29] is **DENIED**.

DATED:  May 18, 2015                           _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                                  United States District Judge