## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| MATTHEW LUSK and<br>ST. CLAIR EMPLOYEES'<br>RETIREMENT SYSTEM,<br>*individually and on behalf of*<br>*all others similarly situated*,<br><br>                              Plaintiffs,<br><br>v.<br><br>BAHRAM AKRADI, GILES H.<br>BATEMAN, JACK W. EUGSTER,<br>GUY C. JACKSON, JOHN K. LLOYD,<br>MARTHA A. MORFITT, JOHN B.<br>RICHARDS, and JOSEPH S.<br>VASSALLUZZO,<br><br>                              Defendants. | Civil No.  15-1911 (JRT/BRT)<br><br><br>**MEMORANDUM**<br>**OPINION AND ORDER**<br>**DENYING PLAINTIFFS' MOTION**<br>**TO VACATE THE JUDGMENT**<br>**AND FOR LEAVE TO AMEND** |

David T. Wissbroecker, **ROBBINS GELLER RUDMAN & DOWD LLP**, 655 West Broadway, Suite 1900, San Diego, CA  92101; Kai H. Richter and Carl F. Engstrom, **NICHOLS KASTER, PLLP**, 80 South Eighth Street, Suite 4600, Minneapolis, MN  55402; Jason M. Leviton and Jacob A. Walker, **BLOCK & LEVITON LLP**, 155 Federal Street, Suite 400, Boston, MA  02110, for plaintiffs Matthew Lusk and St. Clair Employees' Retirement System.

James K. Nichols, Thomas P. Swigert, Lincoln S. Loehrke, and Caitlin L. D. Hull, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN  55402, for defendant Bahram Akradi.

Matthew B. Kilby, Wendy J. Wildung, and Cicely R. Miltich, **FAEGRE BAKER DANIELS LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN  55402, for defendants Giles H. Bateman, Jack W. Eugster, Guy C. Jackson, John K. Lloyd, Martha A. Morfitt, John B. Richards, and Joseph S. Vassalluzzo.

Plaintiffs Matthew Lusk and the St. Clair County Employees' Retirement System (collectively, "Plaintiffs") are former shareholders of Life Time Fitness, Inc. ("Life Time"). Defendant Bahram Akradi was Life Time's CEO, and Defendants Giles H. Bateman, Jack W. Eugster, Guy C. Jackson, John K. Lloyd, Martha A. Morfitt, John B. Richards, and Joseph S. Vassalluzzo sat on its Board of Directors (collectively, "Defendants"). After the Court granted Defendants' Motion for Summary Judgment on the Pleadings and dismissed the case with prejudice, Plaintiffs timely filed a Motion to Vacate the Judgment and for Leave to Amend. The Court will deny the motion because Plaintiffs have not shown the existence of extraordinary or exceptional circumstances warranting Rule 59 or Rule 60 relief, even taking into account the Rule 15 considerations that favor affording parties an opportunity to test their claims on the merits.

## BACKGROUND

Life Time is a Minnesota corporation that operates a chain of health-fitness centers. (Am. Compl. ¶¶ 2, 12, Aug. 31, 2015, Docket No. 87.) This litigation relates to the 2015 purchase of Life Time by several private equity firms. *See Lusk v. Life Time Fitness, Inc.*, 213 F. Supp. 3d 1119, 1124-27 (D. Minn. 2016). Specifically, Plaintiffs alleged that Life Time and Defendants issued a false or misleading proxy statement prior to the buyout in violation of § 14(a) of the Securities Exchange Act and SEC Rule 14a-9, (Am. Compl. ¶¶ 94-100), that Defendants and the Buyout Group acted as controlling persons of Life Time in violation of § 20(a) of the Securities Exchange Act, (*id.* ¶¶ 101-07), that Defendants breached fiduciary duties owed to Life Time's shareholders, (*id.* ¶¶

108-12), and that the Buyout Group aided and abetted Defendants' breach of fiduciary duties, (*id*. ¶¶ 113-15). Defendants moved to dismiss the action, and the Court dismissed all claims except for breach of fiduciary duties. *Life Time*, 213 F. Supp. 3d at 1137-38.

Defendants subsequently moved for judgment on the pleadings. (Def. Akradi's Mot. for J. on Pleadings, Oct. 28, 2016, Docket No. 160; Def. Board's Mot. for J. on Pleadings, Oct. 28, 2016, Docket No. 166.) The Court held a hearing on the motions on February 17, 2017. (Minute Entry, Feb. 17, 2017, Docket No. 194.) There, counsel for Plaintiffs made two conditional statements regarding the possibility of seeking leave to amend. First: "[I]f the Court is inclined to apply *Corwin*,[1] we think that we would need to amend the pleading to include [troubling facts that shareholders did not know] and some other spurious allegations." (Tr. at 48:16-21, Mar. 17, 2017, Docket No. 205.) Second: "If the Court thought *Corwin* applied, we should have the opportunity to amend our complaint." (*Id.* at 49:14-15.) Notably, however, counsel for Plaintiffs did not explicitly move for leave to amend – conditionally or otherwise. (*See generally id.*)

After the hearing, Plaintiffs filed a "Motion for the Alternative Relief of Leave to Amend in the Event that the Court Grants Defendants' Motions for Judgment on the Pleadings." (Mot. for Alt. Relief, Mar. 15, 2017, Docket No. 199.) In it, Plaintiffs claimed to have made "an oral motion for leave to amend in the event that this Court were to grant Defendants' Motions." (*Id.* at 2.) Plaintiffs acknowledged their failure to submit a proposed amendment as required by Local Rule 15.1, explaining that the written

---

[1] *Corwin v. KKR Fin. Holdings LLC*, 125 A.3d 304 (Del. 2015).

motion was being made "in advance of any ruling from the Court that would necessitate leave to amend." (*Id.* at 3-4.) The Magistrate Judge denied the written motion without prejudice for failure to comply with the Local Rules, disclaiming that her denial "in no way precludes the District Court from ruling one way or the other" on what Plaintiffs characterized as an oral motion. (Text-Only Order, June 16, 2017, Docket No. 210.)

The Court subsequently granted Defendants' Motions for Judgment on the Pleadings and dismissed the case with prejudice. *Lusk v. Akradi*, No. 15-1911, 2017 WL 3382301, at *7 (D. Minn. Aug. 6, 2017). Two days later, Plaintiffs filed a letter seeking clarification as to whether the Court had considered and denied Plaintiffs' purported "oral motion for leave to amend in the event that the Court were to grant Defendants' motions." (Letter at 1, Aug. 8, 2017, Docket No. 225.) The Court declined to provide such clarification, and judgment was entered accordingly. (Order Responding to Letter, Aug. 28, 2017, Docket No. 227; J., Aug. 28, 2017, Docket No. 228.) Plaintiffs timely filed the Motion to Vacate the Judgment and for Leave to Amend under Rules 59 and 60 that is now before the Court. (Mot. to Vacate, Sept. 25, 2017, Docket No. 229.)

## DISCUSSION

### I. STANDARD OF REVIEW

Plaintiffs bring this motion under Rules 59 and 60 of the Federal Rules of Civil Procedure. "[D]istrict courts in this circuit have considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test

their claims on the merits." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009). "Leave to amend will be granted if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014).

Rule 59(e) motions "serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).

Rule 60(b) motions provide for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)). As relevant here, the rule permits courts to revisit final judgments in light of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

"Rule 59(e) and Rule 60(b)(2) are analyzed identically." *St. Louis Sewer*, 440 F.3d at 933 & n.3. Motions based on newly discovered evidence "are viewed with disfavor." *Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 472 (8th Cir. 2011) (quoting *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003)). To justify such a motion, the moving party must show that "(1) the evidence was discovered

after trial; (2) [the moving party] exercised due diligence in discovering it; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result." *Id.*

## II.  NEWLY DISCOVERED EVIDENCE

Plaintiffs now seek leave to file a Second Amended Complaint that "incorporates the results" of the "extensive discovery that took place after the [First Amended] Complaint" was filed in August 2015. (Mem. Supp. Pls.' Mot. to Vacate ("Supp.") at 8, Sept. 25, 2017, Docket No. 231.)  Plaintiffs claim that "this new evidence . . . cures the prior deficiencies identified by the Court." (*Id.* at 18.)  Plaintiffs cast their motion as one for leave to amend, but it is in fact a motion to vacate under Rule 59 or 60 on the basis of newly discovered evidence.  "[A]lthough a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal."  *See Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1050 (8th Cir. 2010) (quoting *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985)).  Leave to amend may only be granted "if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *Ka-Nefer-Nefer*, 752 F.3d at 743.

Plaintiffs fail to meet those standards.  Indeed, they do not even try:  at no point do Plaintiffs identify even one piece of evidence discovered after entry of judgment.  That failure alone justifies denial of the motion.  *See St. Louis Sewer*, 440 F.3d at 935-36. Plaintiffs moreover concede that the process of preparing for a settlement conference that was scheduled for August 10, 2017, required "an extensive examination of the discovery

record." (Supp. at 16.) That extensive examination further underscores the conclusion that all the information Plaintiffs now put forward was readily discoverable at that time with reasonable diligence. As such, it cannot be said that any of the evidence Plaintiffs now present was "newly discovered" after entry of judgment on August 28.

Plaintiffs nonetheless argue that "Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits" justify the Court now granting leave to amend. *Roop*, 559 F.3d at 824. Not so:

> [T]hat consideration is not the sole factor when determining whether a plaintiff should be granted leave to amend a complaint post-judgment. A district court may appropriately deny leave to amend "where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment," even when doing so will necessarily prevent resolution on the merits.

*Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 963 (8th Cir. 2015) (quoting *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013)). Moreover, the Eighth Circuit has "repeatedly held that a district court does not abuse its discretion in denying leave to amend when the party seeking leave has failed to follow procedural rules or failed to attach the proposed complaint" to a pre-judgment request to amend. *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504-05 (8th Cir. 2013).[2]

---

[2] *See also Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion."); *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, No. 13-2664, 2014 WL 3573662, at *2 (D. Minn. July 21, 2014) (collecting cases).

Plaintiffs acknowledge that they had previously only sought to "amend their complaint in the event their prior pleading was determined to be deficient." (Reply Mem. Supp. Mot. to Vacate ("Reply") at 28, Dec. 18, 2017, Docket No. 269.) In keeping with this conditional approach, Plaintiffs never properly sought leave to amend until after judgement was entered. *Horras*, 729 F.3d at 804. Only then did Plaintiffs finally submit a proposed complaint. But the fruit of this wait-and-see approach will not be a second bite at the apple. Because Plaintiffs never properly moved for leave to amend until after entry of judgment, *Ellis*, 518 F. App'x at 504-05, the Court will deny the motion.

### III.  ERROR

Plaintiffs further contend that it was error for the Court to dismiss the case "without ruling on Plaintiffs' oral motion for leave to amend." (Reply at 28 n.19.)

First, Plaintiffs made no such oral motion. Counsel for Plaintiffs stated that they "think that [they] would need to" amend the pleading, (Tr. at 48:16-21), or "should have the opportunity to" amend the pleading, (Tr. at 49:14-15), if the Court believed Delaware law to apply. First, that condition precedent was not met: the Court's shareholder ratification finding was based in Minnesota and federal law. *Akradi*, 2017 WL 3382301, at *6-7. But more importantly, at no point did counsel for Plaintiffs actually move to amend. For Plaintiffs to submit that these speculative and conditional statements were an "oral motion for leave to amend" is at best a mischaracterization of the record.

Second, if Plaintiffs had explicitly made such an oral motion, it would technically fail to comply with the Local Rules. To file a motion, a party must submit a written

-8-

motion, notice of hearing, memorandum of law, any affidavits and exhibits, meet-and-confer statements, and a proposed order. D. Minn. LR 7.1(b)(1). Moreover, "to preserve the right to amend a complaint a party must submit a proposed amendment along with its motion." *Ka-Nefer-Nefer*, 752 F.3d at 742 (quoting *Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir. 1983)); *see also* D. Minn. LR 15.1(b). Plaintiffs were on notice as to this fact given that their written motion was denied for precisely this reason.

Third and finally, although the Court declined to expound its reasons for rejecting Plaintiffs' argument in its written Opinion, the Court did consider and reject it. The Order dismissing the case clearly stated that the Court had fully considered all proceedings before it. *See Lusk v. Akradi*, 2017 WL 3382301, at *7. The subsequent Order in response to Plaintiffs' letter demonstrates the Court's belief that it gave the argument appropriate treatment. (Order Responding to Letter at 1.) Likewise, even if it were error for the Court to have previously declined to opine on the matter, this Opinion demonstrates that such error would not be manifest.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Vacate [Docket No. 229] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  January 30, 2018                  _____s/John R. Tunhiem_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                             Chief Judge
                                                  United States District Court