# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew Lusk and St. Clair Employees' Retirement System, | Civ. No. 15-1911 (JRT/BRT) |
| Plaintiffs, | |
| v. | **ORDER ON PLAINTIFFS' MOTION FOR FURTHER CONSIDERATION ON JOINT MOTION TO SEAL** |
| Bahram Akradi, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion for Further Consideration of this Court's January 29, 2018 Order addressing the parties' Joint Motion Regarding Continued Sealing of certain documents. (Doc. Nos. 277 and 283.)[1] Plaintiffs' challenge is limited to this Court's decision allowing continued sealing of Plaintiffs' Proposed Second Amended Complaint. (Doc. No. 234.) For the reasons set forth below, Plaintiffs' Motion is denied.

## BACKGROUND

On August 6, 2017, Chief Judge Tunheim issued an order dismissing all of Plaintiffs' claims with prejudice and the case was closed. (Doc. No. 224.) On September 25, 2017, Plaintiffs filed a motion to vacate the District Court's Order and for leave to file a second amended complaint. (Doc. No. 229.) Many sealed documents, including the

---

[1] The parties' Joint Motion was filed pursuant to Local Rule 5.6, which provided a procedure for filing under seal in connection with motions governed by Local Rule 7.1.

Proposed Amended Complaint at issue, were filed in connection with Plaintiffs' motion. (Doc. Nos. 231, 234, 235, 247, 251-255, 257, 260-265, and 269.)

The parties filed their Joint Motion to Seal, disputing whether the temporarily sealed documents should be permanently sealed. (Doc. No. 277.) This Court issued its Order on the Joint Motion to Seal on January 29, 2018. (Doc. No. 279.) In its Order, the Court set forth its framework for analysis:

> "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). The public's right of access "is not absolute, but requires a weighing of competing interests." *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980 (D. Minn. June 10, 2016). "Specifically, the district court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. The weight that the court gives to the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1223 (internal citations and quotation marks omitted).

(*Id.* at 2.) This Court found that the public's interest was satisfied by the filing of the redacted version of the Proposed Second Amended Complaint. (*Id.* at 3.) A redacted version had already been filed at Docket No. 242. (*See id.*)

Following this Court's Order on sealing, Chief Judge Tunheim issued his January 30, 2018 "Memorandum Opinion and Order Denying Plaintiffs' Motion to Vacate the Judgment and for Leave to Amend." (Doc. No. 280.) On February 26, 2018, Plaintiffs moved for reconsideration of this Court's sealing decision. (Doc. No. 283.) In their request for reconsideration, Plaintiffs conceded that "Chief Judge Tunheim's Order

Denying Plaintiffs' Motion to Vacate the Judgment and for Leave to Amend did not reach the merits of the Proposed [Amended] Complaint." (Doc. No. 284, Pl.'s Mem. 3.)

## ANALYSIS

"When the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. The "'weight that the court gives to the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Plaintiffs provide "three reasons why Plaintiffs' Proposed Complaint should not remain under seal." (Pl.'s Mem. 2.) Each argument fails. First, Plaintiffs argue that "[r]equiring the Proposed Complaint to remain sealed will unnecessarily complicate briefing on the appeal and the consideration of the appeal by the Eighth Circuit." (Pl.'s Mem. 4.) The Eighth Circuit's procedural rules provide for the handling of confidential information. *See* Eighth Circuit Local Rule 25A(h). Plaintiffs' contention that dealing with sealed documents "unnecessarily complicates" appeal proceedings does not alter this Court's original analysis.

Second, Plaintiffs argue that Chief Judge Tunheim's Order Denying Plaintiffs' Motion to Vacate the Judgment and for Leave to Amend "did not reach the merits of the

Proposed Complaint" and "[u]nsealing the Proposed Complaint will allow Plaintiffs to openly discuss the allegations contained in the Proposed Complaint in their public filings on appeal." (Pl.'s Mem. 4.) Plaintiffs' second argument cuts against the unsealing of the Proposed Amended Complaint. "Modern cases on the common-law right of access say that 'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resulting value of such information to those monitoring the federal courts.'" *IDT Corp.,* 709 F.3d at 1224. "When a document plays only a negligible role in a court's exercise of its Article III duties, the public's interest in access to the document is weak and the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id*. Plaintiffs concede that the District Court did not reach the merits of the Proposed Amended Complaint. (Pl.'s Mem. 4.) In fact, the under seal contents of the proposed amended complaint were not discussed in Chief Judge Tunheim's Order. The document played little, if any, role in the Court's exercise of its Article III duties and the public's interest is weak. Therefore, the balance tips in favor of maintaining the confidential information under seal.[2]

Plaintiffs' third reason also fails. Defendants' reasons for keeping the information contained in the Proposed Amended Complaint are set forth in multiple filings. This case is closed. Fact discovery arguments are irrelevant. Plaintiffs offer no legal basis to

---

[2] This Court agrees with Defendants that the sealing analysis might have been different if the Proposed Amended Complaint had been allowed. (*See* Doc. No. 292, Defs.' Mem. 5–6.)

support the disclosure of a confidential *proposed* amended complaint in a closed case—especially when a redacted version is publicly available. The public's interest in a *proposed* amended complaint that is *unanswered* by the Defendants is outweighed by the confidentiality interests of the Defendants and third parties. *See Accenture Glob. Servs. GMBH v. Guidewire Software Inc.*, 631 F.Supp. 2d 504, 510 (D. Del. 2009) ("[D]efendants' answer and counterclaims recites hearsay out of context from documents designated as confidential that might not otherwise ever be exposed to public scrutiny at trial. Defendant uses such materials not merely for purposes of its litigation strategy, but (were the pleading to be unsealed) in a larger public relations fight. . . .The court concludes, then, that its interest in maintaining the amended answer and counterclaims under seal overcomes the presumption of public access.")

The district court's decision on remand in *IDT Corp.* is instructive. *IDT Corp. v. eBay*, No. 10-cv-4097, Doc. No. 26 (W.D. Ark. Feb. 19, 2014) (quoting *IDT*, 709 F.3d at 1225) (requiring the district court to "unseal a redacted complaint or deny the motion to unseal with an explanation why the entire complaint should remain under seal."). . Pursuant to the Eighth Circuit's directive, the court concluded that the suggested redactions were "both necessary and proper." *Id.* The district court did not unseal the complaint in its entirety but ordered a redacted version of the complaint to be filed. *Id.* at 2. A redacted version of the complaint was filed on February 25, 2014. *IDT Corp.*, Case No. 10-cv-4097 (W.D. Ark.) (Doc. No. 27.)

Here, a redacted version of the proposed amended complaint is already filed. The proposed amended complaint that was never allowed and not answered. To the extent that

the public has an interest in Plaintiffs' proposed filing, the redacted version at Doc. No. 242 provides the public with sufficient information "to evaluate the reasonableness and fairness of judicial proceedings and to keep a watchful eye on the workings of public agencies." *IDT Corp.* 709 F. 3d at 1222 (internal quotations omitted).

### January 29, 2018 Order Regarding Other Documents

Defendants did not move for reconsideration of this Court's Order regarding the requirement to file redacted versions of the other documents. The parties' letters on this topic do not comply with the Local Rules. (Doc. Nos. 282, 287.) This Court, however, wishes to "secure the just, speedy, and inexpensive determination" of this proceeding in this closed case. *See* Fed. R. Civ. P. 1. The Court has reviewed the proposed redactions to Doc. Nos. 231, 247, 251, 252, 254, 255, 257 and 269 (submitted *in camera)* and finds that the redacted versions satisfy the public's interest in the judicial proceedings related to the underlying motion that was before the District Court. The redacted filings must reference the corresponding under seal document. Defendants must file these amended redacted documents pursuant to this Court's January 29, 2018 Order.

**ORDER**

1.   Plaintiffs' Motion for Reconsideration is **DENIED**.

2.   This Court's January 28, 2018 Order is modified to require Defendants to file the redacted documents no later than April 16, 2018.

Date: April 5, 2018

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge