UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MATTHEW LUSK and ST. CLAIR EMPLOYEES' RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>   vs.<br><br>BAHRAM AKRADI, GILES H. BATEMAN, JACK W. EUGSTER, GUY C. JACKSON, JOHN K. LLOYD, MARTHA A. MORFITT, JOHN B. RICHARDS and JOSEPH S. VASSALLUZZO,<br><br>                  Defendants. | Civ. No. 0:15-cv-01911-JRT-BRT<br><br>CLASS ACTION<br><br>PLAINTIFFS' OPPOSITION TO THE LIFE TIME DEFENDANTS' EMERGENCY MOTION UNDER THE ALL WRITS ACT FOR AN INJUNCTION TO ENFORCE THE PROTECTIVE ORDER AND JOINDERS THERETO |

The Defendants' Emergency Motion is based entirely on the notion that some Discovery Material[1] has somehow been publicly disclosed. It has not. As set forth in the chart below, the City of Monroe Employees' Retirement System's ("Monroe") Direct Shareholder Complaint for Breach of Fiduciary Duties ("Monroe Complaint") has not been publicly filed by Plaintiffs' Counsel. Even if it had been, it does not contain any Discovery Material. No Discovery Material was used in drafting the Monroe Complaint. And no Discovery Material or confidential information gleaned from the Discovery Material has been disclosed directly or indirectly to Monroe:

| Allegation of Public Disclosure | Has Public Disclosure Occurred |
|---|---|
| The Discovery Material was disclosed in whole or in part by Plaintiffs' Counsel to Monroe. | No. Plaintiffs' Counsel did not. |
| The Discovery Material "must have been used in drafting" the Monroe Complaint. | No. It was not. |
| Because the Monroe Complaint "expressly incorporates by reference all allegations contained in the Redacted Complaint (including those allegations redacted from public view)," the Discovery Material has been disclosed in whole or in part. | No. The Monroe Complaint contains no confidential information from the Discovery Material, and in any event has not been publicly filed yet. The only public filing that contains the State Court Complaint was made by defendants when they attached it as an exhibit to their Motion. |

Thus, there is nothing for the Court to do. Plaintiffs' Counsel has no intention to disclose any Discovery Material, either publicly or privately, to any entity or individual not

---

[1]     "Discovery Material" refers to the 1,204 pages of deposition testimony taken and the 10,398 documents produced in this action that were designated "Confidential" or "Highly Confidential" under the terms of the Protective Order. Other than a single document (the production of the publicly-filed proxy statement), Defendants and third-parties unilaterally designated every single document produced as "Confidential" or "Highly Confidential."

listed in ¶4 of the Protective Order, without first obtaining legal permission.  Plaintiffs' Counsel have agreed to be bound by the Protective Order and will continue to comply with it.  Plaintiffs' Counsel are cognizant of the Court's order denying the motion to lift the seal on the Proposed Second Amended Complaint (ECF No. 279) and would never attempt to subvert that order.  Thus the Motion, and the request for sanctions, both must be rejected. There is nothing to enjoin.

None of the cases cited by the Moving Parties provide a basis for any action by the Court.  They all involve circumstances where confidential information had already been disclosed outside of the proceeding where the discovery had been taken, protective orders had been violated, and the court in question had a reason – and jurisdiction – to act.[2]

Indeed, because no public disclosure of Discovery Material has occurred or is even vaguely threatened, there is no ripe issue for the Court to consider.  The Motion "rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"  *Texas v. United States*, 523 U.S. 296, 300 (1998).  Without ripeness, there is no case

---

[2]     *See Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949 (8th Cir. 1979) (documents disclosed to a Congressional Subcommittee); *Hunter Eng. Co. v. Hennessy Indus., Inc.*, No. 08-cv-465, 2010 WL 1186454 (E.D. Mo. Mar. 29, 2010) (discovery provided to third party for use in arbitration proceeding); *In re Biovail Corp. Sec. Litig.*, 247 F.R.D. 69 (S.D.N.Y. 2007) (documents used in related state court action); *Poliquin v. Garden Way, Inc.*, 154 F.R.D. 29 (D. Me. 1994) (deposition transcripts provided to third party); *Errant Gene Therapeutics, LLC v. Sloan-kettering Institute for Cancer Research*, No. 15-cv-2044, 2017 WL 2418742 (S.D.N.Y. June 5, 2017) (discovery materials used in a different court action); *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, No. 07-cv-2352, 2007 WL 1498114 (S.D.N.Y. May 23, 2007) (discovery materials used in different court action); *On Command Video Corp. v. LodgeNet Entertainment Corp.*, 976 F. Supp. 917 (N.D. Cal. 1997) (discovery materials used in different court action).

1485084_1

or controversy, and no subject matter jurisdiction.  *Minnesota Public Utilities Com'n v. F.C.C.*, 483 F.3d 570, 582 (8th Cir. 2007).[3]  Thus the Motion must be denied along with the request for sanctions.

DATED:  October 12, 2018

Respectfully submitted,

REINHARDT WENDORF & BLANCHFIELD
GARRETT D. BLANCHFIELD JR. (#209855)
BRANT D. PENNEY (#316878)


*s/ Garrett D. Blanchfield, Jr.*
GARRETT D. BLANCHFIELD, JR.

W-1050 First National Bank Building
332 Minnesota Street
St. Paul, MN  55101
Telephone:  651/287-2100
651/287-2103 (fax)

NICHOLS KASTER LLP
KAI RICHTER (#0296545)
CARL ENGSTROM (#0396298)
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone:  612/256-3200
612/338-4878 (fax)

Liaison Counsel to Plaintiffs

---

[3]    The All Writs Act, 28 U.S.C. §1651(a) cannot confer subject matter jurisdiction where none exists.  *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002).

- 3 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
STUART A. DAVIDSON
MARK DEARMAN
CHRISTOPHER C. GOLD
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

BLOCK & LEVITON LLP
JEFFREY C. BLOCK
JACOB A. WALKER
155 Federal Street, Suite 400
Boston, MA 02110
Telephone: 617/398-5600
617/507-6020 (fax)

Lead Counsel for Plaintiffs

VANOVERBEKE MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiffs

- 4 -

1485084_1